

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOEL P FAHNESTOCK | Case Number: 1816-CV15417 |
|---|---|
| Plaintiff/Petitioner:<br>CAROL ECKMAN | Plaintiff's/Petitioner's Attorney/Address<br>AMY P MALONEY<br>MALONEY O'LAUGHLIN LLC<br>2300 MAIN ST STE 900<br>KANSAS CITY, MO 64106 |
| vs. | |
| Defendant/Respondent:<br>SMITHFIELD FOODS, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: SMITHFIELD FOODS, INC.
Alias:

SERVE CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

19-JUN-2018
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                        Date                              Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 18-SMCC-6163   1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:18-cv-00598-GAF   Document 1-1   Filed 08/06/18   Page 1 of 24

EXHIBIT A

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

# IN THE CIRCUIT OF JACKSON COUNTY, MISSOURI
## IN KANSAS CITY

CAROL ECKMAN,

                Plaintiff,

v.

SMITHFIELD FOODS, INC.,
200 Commerce Street
Smithfield, Virginia 23450

Serve Registered Agent:
CT Corporation System
120 South Central Avenue
Clayton, Missouri 63105

                Defendant.

Case No.

**JURY TRIAL DEMANDED**

## PETITION

Plaintiff, Carol Eckman, by and through the undersigned counsel and states and alleges as follows for her Petition against defendant Smithfield Foods, Inc.

## INTRODUCTION

1.     In violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, Plaintiff, while an employee of defendant Smithfield Foods, Inc., was subjected to unlawful discrimination based on her sex and age and subject to unlawful retaliation.

2.     Plaintiff seeks compensatory and punitive damages against Defendant.

## JURISDICTION AND VENUE

3.     The actions complained of herein occurred in substantial part in Jackson County, Missouri, and, accordingly, jurisdiction and venue are proper in this Court. This Court has

jurisdiction over the subject matter pursuant to R.S. Mo § 478.070, as this is an original civil action seeking monetary damages for causes of action accruing in the State of Missouri.

4.    The venue is proper in this Court under R.S. Mo. § 508.010 as the events alleged in this Petition took place in part in Jackson County, Missouri.

## ADMINISTRATIVE PROCEEDINGS

5.    On or about August 25, 2017, Plaintiff filed a timely Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"). A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

6.    On or about March 23, 2018, the MCHR issued Plaintiff her notice of right to sue, a copy of which is attached as Exhibit B and incorporated herein by reference.

7.    On or about April 11, 2018, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff her notice of right to sue, a copy of which is attached as Exhibit C and incorporated herein by reference.

8.    This action has been filed with this Court within 90 days of the Plaintiff's receipt of her Right-to-Sue notices from the EEOC and the MCHR. Plaintiff has therefore fully complied with all administrative prerequisites before filing this action.

## PARTIES

9.    Plaintiff is and was at all times relevant to the allegations contained herein a Kansas resident.

Defendant Smithfield Foods ("Smithfield") is, and was at all times relevant to the allegations contained herein, a Virginia corporation, and an employer within the meaning of the Missouri Human Rights Act ("MHRA"). R.S.Mo. § 213.010(7). Defendant has engaged in

- 2 -

interstate commerce, done business the State of Missouri, and has been an employer within the meaning of the Title VII and the ADEA.

## GENERAL ALLEGATIONS

10.     Plaintiff is a 60-year-old woman who worked for Smithfield Foods as a Branch Manager for the Kansas City branch from January 2013 until June 2017.

11.     Of the 38 Smithfield branches, Plaintiff was the only female branch manager. Her job duties were to oversee the route drivers to ensure timely and properly fulfilled orders in her region.

12.     The routes in Plaintiff's region grew from 6 to 12 while she was the manager. Her supervisor Weston Cotton required that she cover any open routes.

13.     Plaintiff obtained her CDL license and began making deliveries, loading and unloading 6,000 – 7,000 pounds a week, and working 10-14 hour days while she was still required to perform her managerial duties. The region was having difficulties retaining drivers because of burn-out.  Plaintiff raised concerns to Cotton about performing two jobs on a regular basis. Cotton said that other Branch Managers fill in for drivers too.  Upon information and belief, other managers only occasionally filled in for drivers and did not have to do so nearly as often as Plaintiff was being required to do.

14.     Plaintiff was told that Cotton complained that she was "too old" and stated that she needed help because she was "old."  To Plaintiff's knowledge he said this to more than one employee.

15.     Plaintiff believed Cotton was targeting her to get rid of her.  He would say there were complaints, but would not write Plaintiff up and they were not on her evaluation.

- 3 -

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

16. While traveling in Missouri on business in February 2017, Plaintiff was notified that she would receive a 0% raise increase and that she would receive a poor performance rating.

17. In March 2017, Plaintiff filed a complaint (referred to as a "Speak Up" letter) about Cotton stating that she believed he was treating her negatively because of her age and gender. To Plaintiff's knowledge an investigation was not conducted into her complaint.

18. Instead, Plaintiff was placed on a 90-day improvement plan, and then placed on administrative leave on or about May 26, 2017. Plaintiff was not given a reason for the suspension, but was told she was not allowed to speak to other employees during this time.

19. When Plaintiff inquired about the status of the discrimination complaint and raised concerns that she believed she was being retaliated against because of the complaint. Smithfield did not contact her about her complaint while she was on leave. She was not notified that her employment was terminated until a couple of days after her position was posted as vacant.

20. Plaintiff was told that the reason for her termination was poor performance.

## COUNT I
### (MHRA – Age Discrimination)

21. Plaintiff incorporates by reference all of the allegations in the Petition as if set forth herein.

22. The conduct and actions described herein constituted disparate and less favorable treatment of Plaintiff based on her age.

23. Defendant's actions and conduct as set forth herein detrimentally affected Plaintiff by requiring her to perform work, in addition to her managerial duties, that younger managers were not required to perform as often as Plaintiff.

- 4 -

24.     Plaintiff's age was a contributing factor in Defendant's negative treatment of her and its decision to terminate her employment.

25.     In addition, management-level employees knew or should have known of the improper ageist comments and actions, but failed to fully address the problem.

26.     Defendant's actions against Plaintiff have caused her damages, including lost wages, garden variety emotional distress, and deprivation of her civil rights.

27.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

28.     At all times mentioned herein, before and after the above-described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Petition, for a finding that she has been subjected to unlawful discrimination prohibited by R.S.Mo. § 213.010, *et al.*; for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

- 5 -

## COUNT II
### (MHRA - Sex Discrimination)

29. Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

30. The conduct and actions described herein constituted disparate and less favorable treatment of Plaintiff based on her sex.

31. Defendant's actions and conduct as set forth herein detrimentally affected Plaintiff by requiring her to perform work, in addition to her managerial duties, that male managers were not required to perform as often as Plaintiff.

32. Plaintiff's sex was a contributing factor in Defendant's negative treatment of her and its decision to terminate her employment.

33. Defendant knew or should have known of the negative treatment Plaintiff suffered, but failed to address the problem, and further failed to implement effective and appropriate procedures to stop the conduct.

34. Defendants' actions against Plaintiff have caused her damages, including lost wages, garden variety emotional distress, and deprivation of her civil rights.

35. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

36. At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant and were acting within the scope and course of agency and

- 6 -

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

employment, and/or the actions were expressly authorized or ratified by Defendant, making Defendant liable for such actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Petition; for a finding that she has been subjected to sex discrimination prohibited by R.S.Mo. § 213.010, *et al.*; for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

## COUNT III
### (MHRA – Retaliation)

37. Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

38. Plaintiff engaged in protected activity by reporting to Defendant the sex and age discrimination she was experiencing.

39. Defendant retaliated against Plaintiff because she engaged in this protected activity by placing her on a 90-day improvement plan for no reason, placing her on administrative leave for no reason, and by terminating her employment.

40. Defendant's actions against Plaintiff have caused her damages, including lost wages, garden variety emotional distress, and deprivation of her civil rights.

41. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

42.     At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant and were acting within the scope and course of agency and employment, and/or the actions were expressly authorized or ratified by Defendant, making Defendant liable for such actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Petition; for a finding that she has been subjected to unlawful retaliation prohibited by R.S.Mo. § 213.010, *et al.*; for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

**COUNT IV**
**(TITLE VII – Sex Discrimination)**

43.     Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

44.     The conduct and actions described herein constituted disparate and less favorable treatment of Plaintiff based on her sex.

45.     Defendant's actions and conduct as set forth herein detrimentally affected Plaintiff by requiring her to perform work, in addition to her managerial duties, that male managers were not required to perform as often as Plaintiff.

46.     Plaintiff's sex was a motivating factor in Defendant's negative treatment of her and its decision to terminate her employment.

47.     Defendant knew or should have known of the negative treatment Plaintiff suffered, but failed to address the problem, and further failed to implement effective and appropriate procedures to stop the conduct.

- 8 -

48.	Defendants' actions against Plaintiff have caused her damages, including lost wages and garden variety emotional distress.

48.	Defendant acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter them and others from like conduct.

49.	At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant and were acting within the scope and course of agency and employment, and/or the actions were expressly authorized or ratified by Defendant, making Defendant liable for such actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Petition; for a finding that she has been subjected to sex discrimination prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(k) *et seq.*; for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

## COUNT V
### (TITLE VII – Retaliation)

50.	Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

51.	Plaintiff engaged in protected activity by reporting to Defendant the sex discrimination she was experiencing.

52.	Defendant retaliated against Plaintiff because she engaged in this protected activity by placing her on a 90-day improvement plan for no reason, placing her on administrative leave for no reason, and by terminating her employment.

- 9 -

53.     Defendant's actions against Plaintiff have caused her damages, including lost wages and garden variety emotional distress.

54.     Defendant acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and deter them and others from like conduct.

55.     At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant and were acting within the scope and course of agency and employment, and/or the actions were expressly authorized or ratified by Defendant, making Defendant liable for such actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of her Petition; for a finding that she has been subjected to unlawful retaliation prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, *et seq.*; for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

**COUNT VI**
**ADEA - Age Discrimination**
**(29 U.S.C. § 621, *et seq.*)**

56.     Plaintiff incorporates by reference all of the allegations in the Petition as if set forth herein.

57.     The conduct and actions described herein constituted disparate and less favorable treatment of Plaintiff based on her age.

- 10 -

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

58. Defendant's actions and conduct as set forth herein detrimentally affected Plaintiff by requiring her to perform work, in addition to her managerial duties, that younger managers were not required to perform as often as Plaintiff.

59. Defendant's negative treatment and decision to terminate Plaintiff was because of her age.

60. In addition, management-level employees knew or should have known of the improper ageist comments and actions, but failed to fully address the problem.

61. Defendant's actions against Plaintiff have caused her damages, including lost back pay.

62. The foregoing conduct, as alleged herein, constitutes a willful violation of the ADEA, entitling Plaintiff to liquidated damages.

63. At all times mentioned herein, before and after the above-described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of her Petition, for a finding that she has been subjected to unlawful discrimination prohibited by the ADEA, 29 U.S.C. § 621, *et seq*.; for an award of for an award of back pay; for an award of front pay; for liquidated damages; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

- 11 -

## COUNT VI
### ADEA – Retaliation
### (29 U.S.C. § 623(d))

64.     Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

65.     Plaintiff engaged in protected activity by reporting to Defendant the age discrimination she was experiencing.

66.     Defendant retaliated against Plaintiff because she engaged in this protected activity by placing her on a 90-day improvement plan for no reason, placing her on administrative leave for no reason, and by terminating her employment.

67.     Defendant's actions against Plaintiff have caused her damages, including lost back pay.

68.     The foregoing conduct, as alleged herein, constitutes a willful violation of the ADEA, entitling Plaintiff to liquidated damages.

69.     At all times mentioned herein, the above-described perpetrators were agents, servants and employees of Defendant and were acting within the scope and course of agency and employment, and/or the actions were expressly authorized or ratified by Defendant, making Defendant liable for such actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of her Petition; for a finding that she has been subjected to unlawful retaliation prohibited by the ADEA, 29 U.S.C. § 623(d); for an award of compensatory and punitive damages; for front pay; for costs expended; for reasonable attorney fees; and for such other relief as this Court deems just and proper.

- 12 -

Respectfully submitted,

By: /s/ *Amy P. Maloney*

Amy P. Maloney,   Mo. 48936
Matt J. O'Laughlin, Mo. 54025
MALONEY O'LAUGHLIN, LLC
Two Pershing Square
2300 Main Street, Ste. 900
Kansas City, Missouri 64108
Telephone: 816.444.4655
Fax: 816.448.3801
amy@workandschoollaw.com
matt@workandschoollaw.com


Anne Schiavone, Mo. 49349
Kirk D. Holman, Mo. 50715
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
aschiavone@hslawllc.com
kholman@hslawllc.com

ATTORNEYS FOR PLAINTIFF

- 13 -

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

# EXHIBIT A

Aug 2017 03:02p

p.2

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-08/17-46528 |
| X | EEOC | 28E-2017-01554C |

## Equal Employment Opportunity Commission/Missouri Commission on Human Rights

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) | |
|---|---|---|---|
| Carol Eckman | | (913) 461-5163 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 14200 Fontana | Leawood, KS 66224 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Smithfield Foods | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 11500 N. Ambassador Drive | Kansas City, MO 64153 | Jackson |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | X | SEX | | RELIGION | x | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | | DISABILITY | | Other | | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| April 2015 | June 2017 |

[X] CONTINUING ACTION

PARTICULARS:

See Exhibit A, attached.

**FILED**

AUG 26 2017

MO Commission on Human Rights
Jefferson City Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| 8/25/17 | SIGNATURE OF COMPLAINANT |
| | Carol Eckman |
| Date          Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

**EXHIBIT A – Charge of Discrimination – Carol Eckman**

I am a 59-year-old woman. I worked for Smithfield Foods as a Branch Manager for the Kansas City branch from January 2013 until June 2017. Of the 38 Smithfield branches, I was the only female branch manager. My job duties were to oversee the route drivers to ensure timely and properly fulfilled orders in my region.

My region's routes grew from 6 to 12 while I was the manager. My supervisor Weston Cotton required that I cover any open routes. I obtained my CDL license and began making deliveries, loading and unloading 6,000 – 7,000 pounds a week, and working 10-14 hour days while I was still required to perform my managerial duties. The region was having difficulties retaining drivers because of burn-out. I raised concerns to Cotton about performing two jobs on a regular basis. He said that other Branch Managers fill in for drivers too. To my knowledge, other managers only occasionally filled in for drivers and did not have to do so nearly as often as I was being required to do.

I was told that Cotton complained that I was "too old" and stated that I need help because I am "old." To my knowledge he said this to more than one employee. It seemed like he was targeting me to get rid of me. He would say there were complaints but would not write me up and they were not on my evaluation. In March 2017, I filed a complaint (referred to as a "Speak Up" letter) about Cotton stating that I believed he was treating me negatively because of my age and gender. To my knowledge an investigation was not conducted into my complaint.

Instead, I was placed on a 90-day improvement plan, and then placed on administrative leave on May 16, 2017. I was not given a reason for the suspension but was told I was not allowed to speak to other employees during this time. When I inquired about the status of the discrimination complaint and raised concerns that I believed I was being retaliated against because of the complaint, I was terminated shortly thereafter on June 19, 2017. I was told that the reason for my termination was poor performance.

I believe I was treated negatively and in a disparate manner compared to other managers because I am an older woman. I believe I was terminated because I am an older woman and because I complained about discrimination, including Cotton's ageist statements.

**FILED**

AUG 2 5 2017

MO Commission on Human Rights
Jefferson City Office

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

# EXHIBIT B



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| ERIC R. GREITENS GOVERNOR | ANNA S. HUI DEPARTMENT DIRECTOR | Mike Dierkes ACTING COMMISSION CHAIRPERSON | ALISA WARREN, PH.D. EXECUTIVE DIRECTOR |

Carol Eckman
14200 Fontana
Leawood, KS 66224

RE:   Carol Eckman vs. SMITHFIELD FOODS ET AL
      E-08/17-48528  28E-2017-01554C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge.  Not only must any action brought in court pursuant to this right to sue authorization be filed within 90 days from the date of this letter, any such case must also be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause.

**IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE (AND WITHIN TWO YEARS OF THE ALLEGED CAUSE, OR THE DISCOVERY OF THE ALLEGED CAUSE, OF YOUR COMPLAINT), YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is administratively closing this case and terminating all MCHR proceedings relating to your complaint.  You may not reinstate this complaint with the MCHR or file a new complaint with the MCHR relating to the same act or practice, but rather, if you choose to continue to pursue your complaint, you must do so in court as described in this letter. This notice of right to sue has no effect on the suit-filing period of any federal claims.

This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been requested in writing 180 days after filing of the complaint. Please note that administrative processing of this complaint, **including determinations of jurisdiction, has not been completed.**

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.  Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

March 23, 2018
Date

C:   additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

108 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:   Carol Eckman vs. SMITHFIELD FOODS ET AL
       E-08/17-48528  28E-2017-01554C

SMITHFIELD FOODS ET AL
ATTN: Human Resources Director
11500 N.W. Ambassador Drive
Kansas City, MO 64153

ATTN: Weston Cotton

Andrea R. Calem
ATTORNEY AT LAW
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037

Amy P. Maloney
ATTORNEY AT LAW
2300 Main Street, Suite 900
Kansas City, MO 64108

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

Electronically Filed - Jackson - Kansas City - June 16, 2018 - 02:51 PM

# EXHIBIT C

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Carol Eckman<br>14200 Fontana<br>Leawood, KS 66224 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2017-01554 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

James R. Neely, Jr.,
Director

April 11, 2018
*(Date Mailed)*

cc: **SMITHFIELD FOODS ET AL**
**c/o Andrea R. Calem**
**Hunton & Williams, LLP**
**2200 Pennsylvania Avenue, N.W.**
**Washington, DC 20037**

**Amy P. Maloney**
**Maloney O'Laughlin, LLC**
**2300 Main Street, Suite 900**
**Kansas City, MO 64108**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CAROL ECKMAN,

     **PLAINTIFF(S),**    CASE NO. 1816-CV15417

VS.             DIVISION 9

SMITHFIELD FOODS, INC.,

     **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

   NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JOEL P FAHNESTOCK** on **09-OCT-2018** in **DIVISION 9** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

   A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

   At the Case Management Conference, counsel should be prepared to address at least the following:

   a.  A trial setting;

   b.  Expert Witness Disclosure Cutoff Date;

   c.  A schedule for the orderly preparation of the case for trial;

   d.  Any issues which require input or action by the Court;

   e.  The status of settlement negotiations.

Case 4:18-cv-00598-GAF   Document 1-1   Filed 08/06/18   Page 23 of 24

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JOEL P FAHNESTOCK
JOEL P FAHNESTOCK, Circuit Judge

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

**Attorney for Plaintiff(s):**
AMY P MALONEY, MALONEY O'LAUGHLIN LLC, 2300 MAIN ST STE 900, KANSAS CITY, MO 64106

**Defendant(s):**
SMITHFIELD FOODS, INC.

Dated: 19-JUN-2018

MARY A. MARQUEZ
Court Administrator

Case 4:18-cv-00598-GAF   Document 1-1   Filed 08/06/18   Page 24 of 24